977 F.2d 594
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jason C. ZIPPERIAN, Defendant-Appellant.
 No. 92-30017.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1992.*
Decided Sept. 29, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jason C. Zipperian appeals his conviction, following a plea of guilty, for one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(a)(1) and one count of possession of a firearm with an obliterated serial number in violation of 18 U.S.C. § 922(k). Zipperian contends that the district court erred by denying his motion to suppress the firearm discovered during his arrest. Zipperian argues that his arrest and seizure and the seizure of the firearm were unconstitutional. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's denial of a motion to suppress, and we uphold the district court's findings of fact unless they are clearly erroneous. United States v. $25,000 U.S. Currency, 853 F.2d 1501, 1504 (9th Cir.1988).
 
 
 4
 A warrantless arrest must be supported by probable cause. United States v. Del Vizo, 918 F.2d 821, 825 (9th Cir.1990); United States v. Hoyos, 892 F.2d 1387, 1392 (9th Cir.1989), cert. denied, 111 S.Ct. 80 (1990). The determination of probable cause is a mixed question of law and fact which we review de novo. Hoyos, 892 F.2d at 1392; United States v. Smith, 790 F.2d 789, 791 (9th Cir.1986).
 
 
 5
 In cases of mistaken identity, if "the police have probable cause to arrest one party, and [if] they reasonably mistake the second party for the first party, then the arrest of the second party is a valid arrest." Hill v. California, 401 U.S. 797, 802 (1971). The reasonableness of the mistaken identity centers on whether there was sufficient probability, not certainty, that the officers were arresting the correct person. Id. at 804. In a valid mistaken identity arrest, the police are entitled to do what the law would have allowed them to do had they arrested the correct person. Id. Incident to a lawful arrest, a police officer may conduct a contemporaneous warrantless search of the arrestee and the area within his immediate control. Chimel v. California, 395 U.S. 752, 763 (1969); United States v. Anderson, 813 F.2d 1450, 1455 (1987); United States v. Burnette, 698 F.2d 1038, 1049 (9th Cir.), cert. denied, 461 U.S. 936 (1983).
 
 
 6
 Here, the Anchorage Police Department arrested Zipperian under the mistaken belief that he was Gary Lott, an individual for whom the police had a valid arrest warrant. Zipperian argues that, based on the differences in their appearance, it was unreasonable for the police to mistake him for Lott. Zipperian and Lott are both young African-American males with medium builds. The main differences between them are their height and skin complexion; Lott was described in the arrest warrant as being 6'2" with medium to dark skin, and at the suppression hearing, Zipperian was found to be 5'9" with light skin.
 
 
 7
 In addition to the physical description in the arrest warrant, the police had photocopies of photographs of Lott and of two vehicles driven by Lott, as well as information that Lott was armed and dangerous and that he kept a pit bull in the back seat of his car for protection. The night of Zipperian's arrest, a police officer spotted a car parked in front of an apartment that matched the description of one of the cars associated with Lott. He saw a young African-American male, who matched Lott's general description, next to the car. The officer also noticed that the car had no license plates and that there was a pit bull in the back seat. Believing he had located Lott, he called for reinforcements.
 
 
 8
 When the officers knocked on the front door of the apartment, Zipperian attempted to leave through the back door carrying a small bag. When he re-entered the apartment, two officers saw him drop the small bag and head in their direction. They ordered him to stop, and, believing that he was Lott, they subdued and handcuffed him. The officers searched the small bag and discovered a firearm devoid of a serial number. Zipperian and the other occupants of the apartment informed the officers that he was not Lott, and the officers discovered an identification card on Zipperian that had his correct name on it. Nevertheless, the officers arrested Zipperian under the mistaken belief that he was Lott.
 
 
 9
 Despite the differences in height and skin tone, the circumstances surrounding the arrest, including the physical similarities between Zipperian and Lott, the matching descriptions of the car and the pit bull, the fact that the arrest occurred at night, and the actions of Zipperian, are sufficient for the district court to have found that the mistake in identity was reasonable. See Hill, 401 U.S. at 804-05. This reasonable mistake in identity combined with the warrant for Lott's arrest validate Zipperian's arrest. See id. at 802. In addition, the contemporaneous search that revealed the presence of the firearm was a valid search. See Chimel, 395 U.S. at 763; Anderson, 813 F.2d at 1455; Burnette, 698 F.2d at 1049. The district court properly denied Zipperian's motion to suppress the firearm.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3